UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALLIN FORT,<br><br>            Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, WASHINGTON DEPARTMENT OF CORRECTIONS, a political subdivision and agency of the State of Washington, INDETERMINATE SENTENCE REVIEW BOARD, a political subdivision and agency of the State of Washington and Washington Department of Corrections, KECIA L. RONGEN, wife and the marital community composed thereof, JOHN DOE RONGEN, husband and the marital community composed thereof, JEFF PATNODE, husband and the marital community composed thereof, JANE DOE PATNODE, wife and the marital community composed thereof, LORI RAMSDELL-GILKEY, wife and the marital community composed thereof, JOHN DOE RAMSDELL-GILKEY, husband and the marital | NO. 4:20-CV-5053-TOR<br><br>ORDER GRANTING MOTION TO DISMISS |

ORDER GRANTING MOTION TO DISMISS ~ 1

|   |
|---|
| community composed thereof, ELYSE BALMERT, wife and the marital community composed thereof, JOHN DOE BALMERT, husband and the marital community composed thereof, IRENE SEIFERT, wife and the marital community composed thereof, and JOHN DOE SEIFERT, husband and the marital community composed thereof, <br><br>                                  Defendants. |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 4). This matter was submitted for consideration with telephonic oral argument on March 10, 2021. Jeffrey T. Sperline appeared on behalf of Plaintiff and Assistant Attorney General Jacob Brooks appeared on behalf of Defendants. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 4) is GRANTED.

## BACKGROUND

This case concerns Plaintiff's allegation that members of the Indeterminate Sentence Review Board ("ISRB") wrongfully calculated the minimum term of Plaintiff's indeterminate sentence for a sex offense, thereby denying him a timely ISRB hearing and detaining him in the custody of the Department of Corrections ("DOC") for nearly nine months past the date on which Plaintiff asserts he could have been released from custody. ECF No. 1-2 at 3-9. Plaintiff was serving

1 sentences for two counts of rape of a child in the first degree with a minimum term
2 of 120 months and a maximum term of life imprisonment.  ECF No. 4 at 62-75.
3 Plaintiff originally filed the Complaint in Franklin County Superior Court on
4 January 31, 2020.  *Id.*  On March 20, 2020, Defendants removed the case to federal
5 court.  ECF No. 1.  Defendants filed the instant Motion to Dismiss on March 26,
6 2020.  ECF No. 4.  Plaintiff opposes the Motion, arguing Defendants are not
7 protected by quasi-judicial immunity.  ECF No. 27.

**DISCUSSION**

Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that all Defendants are entitled to quasi-judicial immunity.  ECF No. 4 at 5-8.  A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.  When analyzing whether a claim has been stated, the Court may

consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" however "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

In support of their motion, Defendants request this Court take judicial notice of several records of court and administrative proceedings from Plaintiff's underlying criminal case.  ECF No. 4 at 2-3.  In considering a motion to dismiss, the Court may consider the "complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv.*, 540 F.3d at 1061 (citing *Tellabs*, 551 U.S. at 322).  The Court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation omitted).  This includes "records and reports of administrative bodies." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (citation omitted).  The court orders and ISRB decisions Defendants submit are matters of public record and properly subject to judicial notice, so the Court

considers them in determining the present motion.

Defendants argue dismissal is appropriate because all Defendants are entitled to quasi-judicial immunity. ECF No. 4 at 5-8. Plaintiff asserts Defendants are not entitled to quasi-judicial immunity on the grounds that the ISRB's failure to hold a timely hearing was an administrative function, not a judicial function. ECF No. 27 at 14. Quasi-judicial immunity protects actions that are functionally similar to judicial functions. *Taggart v. State*, 118 Wash. 2d 195, 205 (1992). Conversely, administrative functions are not protected by quasi-judicial immunity, even where such actions are carried out by officials who typically perform judicial or quasi-judicial duties. *Taggert*, 118 Wash. 2d at 210. Factors courts consider when determining whether a challenged action is functionally similar to judicial action include: "whether a hearing was held to resolve an issue or controversy, whether objective standards were applied, whether a binding determination of individual rights was made, whether the action is one that historically the courts have performed, and whether safeguards exist to protect against errors." *Id*. at 205.

Under Washington law, custodial release determinations made by sentencing review boards, such as the one at issue here, are protected by quasi-judicial immunity. *Taggart*, 118 Wash. 2d at 207 (1992); *see also Plotkin v. State Dept. of Corrections*, 64 Wash. App. 373, 377 (1992) (immunity extends to the state as well as to individual ISRB members). This is because "parole decisions are essentially

ORDER GRANTING MOTION TO DISMISS ~ 5

judicial in nature and, like judges' decisions, require freedom from personal fears of litigation." *Taggart*, 118 Wash. 2d at 207.  The same parole board immunities have been extended under federal law as well.  *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981) ("In our view, parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications.").[1]  As the Ninth Circuit similarly explained, "[i]f parole board officials had to anticipate that each time they rejected a prisoner's application for parole, they would have to defend that decision in federal court, their already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible." *Id.* at 1303.  The Ninth Circuit recognized other "safeguards, especially the right to habeas corpus relief, are sufficient to protect petitioner's constitutional rights." *Id*. at 1304.

The parties agree the ISRB is entitled to quasi-judicial immunity.  The issue is whether the ISRB's actions related to Plaintiff's hearing were administrative

---

[1] The Court also notes that for the purpose of Plaintiff's § 1983 claim, neither the State nor the ISRB are "persons" acting under color of state law.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990).

1 functions or judicial functions.  Plaintiff argues they were administrative functions 2 because the alleged harm stems from the administrative task of setting timely 3 hearings, not from the ISRB's discretionary determination regarding Plaintiff's 4 release.  ECF No. 27 at 14.  Defendants argue the gravamen of Plaintiff's 5 Complaint is premised on the ISRB's calculation of Plaintiff's sentence.  ECF No. 6 4 at 5.  Defendants also argue that because the ISRB was under a statutory duty to 7 hold a release determination hearing, the decision of when to hold that hearing is 8 not purely administrative.  ECF No. 31 at 4-5.

9 As an initial matter, the facts pleaded in Plaintiff's Complaint relate 10 primarily to the miscalculation of Plaintiff's sentence, not to the scheduling of his 11 hearing.  Specifically, Plaintiff states: "[Defendant] Seifert insisted that the 12 sentence was 180 months.  She negligently, and with deliberate indifference, 13 authorized the ISRB/DOC sentencing records for Dallin Fort to be changed to a 14 180 month sentence."  ECF No. 1-2 at 7.  Moreover, Plaintiff's alleged facts 15 implicate the sentencing calculation as the cause of the resulting harm, not a 16 scheduling mishap.  *See* ECF No. 1-2 at 7, ¶ XVI.

17 The ISRB was required to hold Plaintiff's hearing at a certain date based on 18 the calculation of Plaintiff's minimum sentence.  Because the hearing date, the 19 calculation of Plaintiff's minimum sentence and the ultimate decision whether and 20 when to release the Defendant are intertwined, the act of setting the hearing date is

ORDER GRANTING MOTION TO DISMISS ~ 7

not purely administrative. Additionally, Washington courts have found that statutorily imposed actions which are so closely related to the judicial or quasi-judicial process must be protected by immunity. *See Loveridge v. Schillberg*, 17 Wash. App. 96, 99 (1977) (holding "[e]ven though it could be argued the acts required of the prosecutor and judge are more ministerial in nature than judicial or discretionary. . . , we consider them to be so much a part of the prosecution process that the public interest demands the protection of immunity."). Even if the ISRB miscalculated Plaintiff's minimum sentence, thereby delaying the release hearing date, such actions are precisely the kind protected by quasi-judicial immunity.

Finally, Plaintiff's arguments seem premised on the assumption that the ISRB would have determined him immediately releasable but for the miscalculation of his minimum sentence. To prove this assumption, Plaintiff would need to depose the ISRB panelists to determine whether they hypothetically would have reached the same conclusions earlier. Plaintiff's case presents exactly the type of situation quasi-judicial immunity is intended to prevent. Parole board officials cannot be expected to anticipate the need to defend their release determinations from every dissatisfied prisoner. "[T]heir already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible" because "time spent in depositions and on the witness stand defending their actions would leave

ORDER GRANTING MOTION TO DISMISS ~ 8

these overburdened public servants with even less time to perform their crucial tasks." *Sellars*, 641 F.2d at 1303.  The Court finds the ISRB's actions relating to Plaintiff's release determination hearing fall squarely within the quasi-judicial nature of the ISRB's functions.  Thus, defendants are entitled to protection under quasi-judicial immunity.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

    1. Defendants' Motion to Dismiss, ECF No. 4, is **GRANTED.**

    2. Plaintiff's Complaint is dismissed with prejudice.

The District Court Executive is directed to enter this Order, furnish copies to counsel, enter judgment for all Defendants, and CLOSE the file.

**DATED** March 11, 2021.



                THOMAS O. RICE
              United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 9